UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDA LITTLE,

    Plaintiff,

v.

    Case No. _____

ZAKHEIM & ASSOCIATES, P.A. and
RICHARD BATTAGLINO,

    Defendant.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BRENDA LITTLE, by and through undersigned counsel, and files this Complaint against the Defendant named above and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Section 559.55 et seq. of the Florida Statutes, by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff is a natural person who resides in Naples, Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Sections 559.55(2).

5. Defendant Zakheim & Associates, P.A. (hereinafter "Defendant Zakheim") is a Florida professional association operating from an address of 1045 South University Drive, Suite #202, Plantation, Florida 33324, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

6. Defendant Richard Battaglino (hereinafter "Defendant Battaglino") is a natural person and, upon information and belief, an associate with Defendant Zakheim. Defendant Battaglino is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

7. Sometime in 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a consumer credit account with Discover Bank, account number ending in 6998, in the approximate amount of $1,956.49, which was used by Plaintiff for personal, family and household purposes.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant Zakheim and/or others for collection from this Plaintiff.

9. On January 29, 2009, Defendant Zakheim sent Plaintiff a letter offering to settle the debt for $782.60. See Exhibit 1.

10. The letter indicated if the offer was accepted "collection activity will forever cease on the account."

11. Plaintiff accepted the offer and began making payments on the settlement through Defendant Zakheim's website. See Exhibit 2.

12. On March 31, 2009, Plaintiff received a letter signed by Defendant Battaglino that Plaintiff successfully completed her payments on the settlement amount and her file would be closed. See Exhibit 3.

13. Despite being paid in full on the settlement, a lawsuit was filed against Plaintiff in Collier County Small Claims Court, Case Number 09-1500-SC, for a balance on the same account on June 30, 2009. See Exhibit 4.

14. The lawsuit wrongfully sough $1,273.89 under theories of open account and account stated.

15. The complaint in the lawsuit was signed brought by the law firm of Defendant Zakheim and signed by Defendant Battaglino.

16. On September 22, 2009 Plaintiff appeared before the Collier County Court and presented the judge with all the information provided above.

17. On October 1, 2009, Collier County Judge Vince Murphy ordered judgment for the Defendant. See Exhibit 5.

18. Defendants had no right to bring a lawsuit on the successively settled debt.

19. Despite the state court finding for Ms. Little, on October 15, 2009, Defendant Zakheim called Ms. Little and claimed a balance was still due.

*Summary*

20. All of the above-described collection actions and communications made to Plaintiff by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst

others, the FCCPA, including but not limited to Section 559.72(5), (6), and (9), and/or the FDUTPA.

21. During their collection communications, Defendants repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

22. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and FCCPA, including but not limited to all of the above mentioned provisions of the FDCPA and FCCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

23. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

24. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, loss of time, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

25. The acts and omissions of Defendant Battaglino and the other debt collectors employed as agents by Defendant Zakheim who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Zakheim.

26. The acts and omissions by Defendant Battaglino and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Zakheim in collecting consumer debts.

27. By committing these acts and omissions against Plaintiff, Defendant Zakheim and these other debt collectors were motivated to benefit their principal, Defendant Zakheim.

28. Defendant Zakeheim is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, the FCCPA, and the FDUTPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference 1 – 27 of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

32. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II

**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Section 559.55 et seq., Fla. Stat.**

33. Plaintiff incorporates by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FCCPA including, but not limited to, violation of Section 559.72(9), with respect to Plaintiff.

35. As a result of each and every Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from each and every Defendant herein.

36. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## COUNT III

**VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT**
**Section 501.201 et seq., Fla. Stat.**

37. Plaintiff incorporates by reference 1 – 27 of the paragraphs of this Complaint as though fully stated herein.

38. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendants in the attempted collection of debt not owed.

39. At all times relevant to this Complaint, Defendant Zakheim and Defendant Battaglino were engaged in the business of debt collection.

40. Plaintiff has never engaged in the business of debt collection.

41. The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

42. In engaging in the conduct more specifically described in the Factual Allegations above, Defendants committed deceptive and unfair trade practices in connection with debt collection.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant; and
- for such other relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against each and every Defendant; and
- for such other relief as this Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT
### Section 501.201 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 501.211 against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against each and every Defendant; and
- for such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: 3/23/10

THE DELLUTRI LAW GROUP, P.A.
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By: s/David W. Fineman
DAVID W. FINEMAN, ESQ.
Fla. Bar No. 0040993
dfineman@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA              )
                              ) ss
COUNTY OF  COLLIER            )

Plaintiff, BRENDA S. LITTLE, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Brenda S. Little

Subscribed and sworn to before me this  22nd  day of  March , 2010 by BRENDA S. LITTLE who:

_____ is personally known; or

__X__ produced identification  L340 0775 1725-0

_____
Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
Edmond Eisenberg
Commission #DD726959
Expires: DEC. 04, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

(SEAL)

-9-